Scott A. Homar #6-3092
OVERSTREET HOMAR & KUKER
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
www.ohklegal.com
*Attorneys for Plaintiff*

IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT
COUNTY OF LARAMIE, STATE OF WYOMING
Docket No. 192-19U

| | |
|---|---|
| ERIC SMITH, and <br> JENNIFER SMITH <br><br> Plaintiffs, <br><br> vs. <br><br> WALGREEN CO., and John Does 1 and 2 <br><br> Defendants. | **FILED** <br><br> SEP 25 2019 <br><br> DIANE SANCHEZ <br> CLERK OF THE DISTRICT COURT |

## COMPLAINT

**COMES NOW** the Plaintiffs, Eric Smith and Jennifer Smith ("Plaintiffs"), and complains against the Defendant, Walgreen, Co., In support of the Complaint, Plaintiffs allege the following:

### PARTIES, JURISDICTION AND VENUE

1. At all relevant times, Plaintiffs Eric Smith and Jennifer Smith were residents of Laramie County, Wyoming and currently reside in Laramie County, Cheyenne, Wyoming.

2. Defendant Walgreen Co. ("Walgreens") is a Domestic Business Corporation Act corporation organized and created under Illinois laws and statutes and registered with the Illinois Secretary of State's Office. Walgreen Co. is registered to transact business in the State of Wyoming

3. Defendant Walgreens has two stores located in Cheyenne, the one at issue is located at 2304 E. Lincolnway, Cheyenne, Wyoming and is registered to do business in the State of Wyoming.

**EXHIBIT 1**

4. John Does 1 and 2 are employees of Walgreens who were acting under the authority of Walgreens and, upon information and belief, licensed by the State of Wyoming as pharmacists or pharmacy technicians.

5. The acts giving rise to this action occurred and were committed in the State of Wyoming. The events giving rise to Plaintiff's injuries occurred in Laramie County, Wyoming.

6. Damages incurred by the Plaintiffs exceed the jurisdictional amounts of this Court.

7. Venue and jurisdiction over Defendant are proper in the First Judicial District Court in and for Laramie County, Wyoming.

## FACTS COMMON TO ALL CLAIMS

8. Paragraphs numbered 1 to 7 are hereby realleged and incorporated herein by this reference.

9. On or about September 28, 2017, Plaintiff, Eric Smith received a prescription from his physician Dr. Timothy Allen for 25 mg of Mysoline, a highly potent barbiturate, for a newly diagnosed seizure and tremor condition.

10. Plaintiff, Eric Smith's prescription was to begin one-half tablet of the 25mg, to be a dosage of 12.5mg, then during 3-4-week period increase his dosage to one pill, for a dosage of 25mg, then to two full pills for a dosage of 50mg and finally to three full pills for a dosage of 75 mg.

11. Plaintiff, Eric Smith went to the Walgreen's Pharmacy located at 2304 E. Lincolnway, Cheyenne, Wyoming to fill the prescription of 25 mg Mysoline to treat his new diagnosis.

12. Walgreens pharmacists and pharmacy technicians dispensed Plaintiff, Eric Smith, 250 mg Mysoline tablets instead of the correct prescribed dosage 25mg tablets.

13. Over the course of the following weeks, Plaintiff Eric Smith, increased the tablet amount as prescribed, not knowing that his dose was ten times what was prescribed.

14. Therefore, his first dosage was 125mg instead of the prescribed 12.5 mg, 250mg instead of the prescribed 25mg then 500 mg instead of the 50mg as prescribed and finally 750 mg instead of the 75 mg as prescribed

15. Mr. Smith's original condition worsened, and he experienced new horrible debilitating symptoms such as uncontrollable crying, shaking and tremors, as well as extreme nightmares, sleep walking, falling, vomiting, uncontrollable nausea, loss of appetite and extreme weight loss. He was confined to his bed for long periods of time and experienced hallucinations and even suicidal thoughts.

16. On October 23, 2017 Plaintiff, Eric Smith returned to his physician to discover that his prescription had been filled incorrectly by Walgreens.

17. During all relevant times, Defendant Walgreens was, and is currently, a pharmacy with pharmacists licensed to practice under the laws of the State of Wyoming. During all relevant times, Defendant Walgreens held themselves out to the public, and to the Plaintiffs in particular, as being capable of providing the prescription as prescribed by Plaintiff Eric Smith' physician.

18. Following the overdose of the Mysoline, Plaintiff Eric Smith continued to suffer from the medical problems associated with, and caused by, the overdose.

19. Plaintiff Eric Smith also had to seek further medical treatments caused by the overdose including other physician treatments, and an exacerbation of his original symptoms a well as incapacitating symptoms.

20. Plaintiff, Jennifer Smith, was forced to turn down multiple jobs for her company, Custom Designs 99, in order to care for her husband 24 hours a day 7 days a week.

21. Plaintiff, Eric Smith was unable to return to work as originally planned for approximately seven (7) months. When Plaintiff, Eric Smith did return to work it was for a brief amount of time because of the issues cause by the overdose which left him unable to work as a mechanic.

22. As a result of Plaintiff Eric Smiths inability to work Plaintiff Jennifer Smith was forced to find work to pay for household expenses that were going unpaid due to Mr. Smith's lack of Income.

23. Plaintiff, Jennifer Smith was poised to work at two separate jobs, but because of her need for time-off to care for Plaintiff Eric Smith, she was denied these employments.

24. As a result of both Plaintiff Eric Smith and Jennifer Smith's inability to work because of the overdose the Plaintiff's suffered significant financial loss.

## COUNT I – NEGLIGENCE - PROFESSIONAL MALPRACTICE BY DEFENDANT JOHN DOES 1 AND 2

25. Paragraphs numbered 1 to 24 are hereby realleged and incorporated herein by this reference.

26. In dispensing medications to Plaintiff Eric Smith, Defendants John Doe 1 and 2 had a duty to exercise the degree of skill ordinarily employed under similar circumstances by members of their profession in the same community or locality and to use reasonable care and diligence along with their best judgment in the application of that skill.

27. The failure of Defendants John Doe 1 and 2 to exercise reasonable and ordinary care, skill, and ability to fulfill the correct dosage of the prescription, was the direct and proximate cause of Plaintiff Eric Smith's injuries.

28. As a direct and proximate result of Defendants John Doe 1 and 2's negligence in

failing to fulfill the correct dosage of the prescription for Plaintiff Eric Smith, Plaintiff Eric Smith suffered serious physical and mental harm, lost wages and other damages in an amount to be proven at trial.

## COUNT II – NEGLIGENCE – DEFENDANT WALGREENS

29. Paragraphs numbered 1 to 28 are hereby realleged and incorporated herein by this reference.

30. Defendant Walgreens had a nondelegable duty to provide Plaintiff Eric Smith with the correct prescription. Defendant Walgreens breached this duty by failing to ensure that Plaintiff Eric Smith received the correct prescription as prescribed by his physician.

31. The failure of Defendant Walgreens to exercise reasonable and ordinary care, skill, and ability to fulfill the correct dosage of the prescription, was the direct and proximate cause of Plaintiff Eric Smith's injuries.

32. As a direct and proximate result of Defendant Walgreens negligence in failing to fulfill the correct dosage of the prescription for Plaintiff Eric Smith, Plaintiff Eric Smith suffered serious physical and mental harm in an amount to be proven at trial.

## COUNT III – NEGLIGENT HIRING AND RETENTION – DEFENDANT WALGREENS

33. Paragraphs numbered 1 to 32 are hereby realleged and incorporated herein by this reference.

34. Defendant Walgreens had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant Walgreens owed such a duty to Plaintiffs and such duty was breached.

35. Defendant Walgreens knew or should have known that Defendants John Does 1

and 2 were not competent or fit for the duties required of them as an employee. Defendant Walgreens breached their duty to use reasonable care to select and retain employees that are competent and fit for the positions.

36. As a result of Defendant Walgreens' negligence in hiring and retaining Defendants John Doe 1 and 2, Plaintiffs' were injured and have damages as alleged.

## COUNT IV – AGENCY/RESPONDEAT SUPERIOR – DEFENDANT WALGREENS

37. Paragraphs numbered 1 to 36 are hereby realleged and incorporated herein by this reference.

38. The above-described acts of Defendants John Doe 1 and 2 were committed while they were acting as an agent, servant, and or employee of Defendant Walgreens.

39. The above-described acts of Defendants John Doe 1 and 2 were committed within the scope of their agency and while furthering the business interests of Defendant Walgreens.

40. As the principals for Defendants John Doe 1 and 2, Defendant Walgreens is responsible for all the acts and omissions committed by Defendants John Doe 1 and 2 within the scope of their agency.

## DAMAGES

41. Paragraphs numbered 1 to 40 are hereby realleged and incorporated herein by this reference.

42. As the sole, direct and proximate result of the Defendants' negligent actions and inactions, as more fully set forth above, Plaintiffs have suffered damages in the following particulars:

    a. Actual, special and pecuniary damages, including but no limited to:

        i. Damages for temporary and permanent pain, suffering, nervous shock,

6

        emotional distress, and loss of enjoyment of life;

   ii. Temporary and permanent loss of physical and mental functioning;

   iii. Temporary and permanent loss of earnings and damages for impaired earning capacity;

   iv. Temporary and permanent medical expenses, past and future, according to proof at the time of the trial; and

   v. Other pecuniary losses to Plaintiffs arising our of the injuries suffered by Plaintiffs in an amount to be proven at trial.

**WHEREFORE** Plaintiffs Eric Smith and Jennifer Smith pray as follows:

1. The Court enter judgment in favor of Plaintiffs Eric Smith and Jennifer Smith and against the Defendants John Doe 1 and 2 and Walgreen Co. in this matter;

2. The Court schedule a jury trial in this matter. Plaintiffs Eric Smith and Jennifer Smith request that this matter be heard by a six person jury;

3. The Court award Plaintiffs Eric Smith and Jennifer Smith damages as alleged herein and as determined at trial;

4. The Court award Plaintiffs Eric Smith and Jennifer Smith their reasonable costs of bringing this litigation, including attorney's fees;

5. The Court award Plaintiffs Eric Smith and Jennifer Smith any and all additional relief to which they are entitled.

    DATED this \_\_\_\_\_ day of September 2019.

**ERIC SMITH AND JENNIFER SMITH,** *Plaintiff*

By: _____
Scott A. Homar #6-3092
L. Cooper Overstreet #7-4996
OVERSTREET HOMAR & KUKER
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274.4444 telephone
www.ohklegal.com
*Attorneys for the Plaintiffs*

8